# ORIGINAL

06cv417

AO 241
(Rev. 12/04)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware | |
|---|---|---|
| Name (under which you were convicted): James A. Mays | | Docket or Case No.: 0006015793 |
| Place of Confinement: Delaware Correctional Center | | Prisoner No.: 295762 |
| Petitioner (include the name under which you were convicted) James A. Mays | Respondent (authorized person having custody of petitioner) v. Thomas L. Carroll | |
| The Attorney General of the State of Delaware, Beau Biden | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: 06cv417
   Delaware Superior Court New Castle County
   500 N. King St. Wilmington Delaware 19801

   **FILED**

   JUN 28 2007

   RGSLANN

   U.S. DISTRICT COURT
   DISTRICT OF DELAWARE

   (b) Criminal docket or case number (if you know): 0006015793

2. (a) Date of the judgment of conviction (if you know): March 11, 2002

   (b) Date of sentencing: June 14, 2002

3. Length of sentence: 30 years Level (5)

4. In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   1.) Attempted Murder First Degree
   2.) Possession of Firearm During Commission of Felony 2 Counts
   3.) Robbery First Degree
   4.) Conspiracy Second Degree

6. (a) What was your plea? (Check one)

   ☒ (1)    Not guilty        ☐ (3)    Nolo contendere (no contest)

   ☐ (2)    Guilty            ☐ (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: *Delaware Supreme Court*

(b) Docket or case number (if you know): *No. # 391, 2002*

(c) Result: *Affirmed*

(d) Date of result (if you know): *January 31, 2003*

(e) Citation to the case (if you know):

(f) Grounds raised:

*1.) Whether trial Court committed reversible error by admitting certain photo arrays and identifications during trial.*

*2.) Whether trial court erred by denying his motion to suppress his statement to the police.*

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):    *N/A*

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 12/04)

(5) Citation to the case (if you know):  N/A

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):  N/A

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court New Castle County

(2) Docket or case number (if you know): I.D. 0006015793

(3) Date of filing (if you know): July 18, 2006

(4) Nature of the proceeding: Post Conviction Relief Rule 61

(5) Grounds raised:

1.) That there was no evidence put forth by the State as to specific intent or premeditation;
2.) Defense Counsel failed to object on hearsay grounds to audiotapes of witnesses played in court during the trial.
3.) Defense Counsel was ineffective for failing to object to the admission of photographic identifications;
4.) Defense Counsel failed to object to the introduction of medical records into evidence at trial;
5.) Defense Counsel failed to object to a misleading question by the Prosecutor during direct examination.
6.) Defense Counsel failed to raise Motion to suppress before trial.
7.) Defense Counsel failed to adequately prepare for trial
8.) Defense Counsel failed to move for redaction of defendant's criminal record.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Denied in part; Summarily dismissed in part.

(8) Date of result (if you know): August 28, 2006

AO 241
(Rev. 12/04)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Delaware Supreme Court

(2) Docket or case number (if you know): No. 493, 2006

(3) Date of filing (if you know): May 21, 2007

(4) Nature of the proceeding: Motion For Rearqument

(5) Grounds raised: Once accused invoked his right to counsel interrogation should have ceased and any statements after accused's invocation should have been suppressed.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐    Yes        ☑ No

(7) Result: Denied

(8) Date of result (if you know): May 23, 2007

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):        N/A

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☒  No

N/A

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☒  Yes    ☐  No

(2) Second petition:  ☒  Yes    ☐  No

(3) Third petition:   ☐  Yes    ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Defendant was denied due process, when the State failed to put forth
evidence as to specific intent or premeditation of the charges,
secured by the Fifth and Fourteenth Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Through counsel's cumulative errors and deficiencies, the defendant
was prejudiced and denied the fundamental fairness of the proceeding
leading to the judgement of conviction, when the State failed to
sustain it's burden of proof.

(b) If you did not exhaust your state remedies on Ground One, explain why:

N/A

AO 241
(Rev. 12/04)

Page 7

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Counsel failed to submit any issues that the defendant submitted as supplements.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Rule 61.

Name and location of the court where the motion or petition was filed:
Superior Court New Castle County
500 N. King St. Wilmington, Delaware 19801

Docket or case number (if you know): I.D. #0006015793

Date of the court's decision: August 28, 2006

Result (attach a copy of the court's opinion or order, if available): See Attachments

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Delaware Supreme Court
P.O. Box 476, Dover, Delaware 19903
Docket or case number (if you know): No. 493. 2006

Date of the court's decision: April 24, 2007

Result (attach a copy of the court's opinion or order, if available): See Attachments

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:    N/A

**GROUND TWO:** Defendant was denied due process, and the effective assistance of
Counsel, When counsel failed to object to hearsay audio tapes of
witness played before the jury, secured by the Sixth and Fourteenth
Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to confront or Cross-examine the witness before the jury,
despite the fact that this witness had been supoenaed as a witness
for the state. Instead, counsel allowed the prosecution to play before
the jury an audio tape of the alleged witness that was agitated,
admitted by intoxicated from alcohol and marijuana.
In all prosecutions the accused shall have the right to confront
and cross-examine his accuser's.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel would not file ineffective assistance of counsel
against himself; failed to submit any issues defendant
submitted as supplements.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Rule 61.

Name and location of the court where the motion or petition was filed:
Superior Court New Castle County
500. N. King St. Wilmington, Delaware 19801
Docket or case number (if you know): I.D. # 0006015793

Date of the court's decision: August 28, 2006

Result (attach a copy of the court's opinion or order, if available): See Attachments

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Delaware Supreme Court
P.O. Box 476. Dover, Delaware 19903

Docket or case number (if you know): No. 493, 2006

Date of the court's decision: April. 24, 2007

Result (attach a copy of the court's opinion or order, if available): see attachments

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two N/A

**GROUND THREE:** Defendant was denied due process, and the effective assistance of Counsel, when Counsel failed to adequately prepare for trial and consult with the defendant, secured by the Sixth and Fourteenth Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to conduct any pre-trial investigation, failed to file pre-trial motions at proper time, instead attempted to motion trial court during trial proceeding, Counsel stated that he Could not consult with defendant, simply because defendant had been transfered to another correctional facility in the same county. Defendant was denied his right to actively Participate in his own defense. Counsel admitted that he was remiss for failure to address this issue early.

AO 241
(Rev. 12/04)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why? N/A

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
Counsel would not file ineffective assistance of counsel against himself, failed to submit any issues that the defendant submitted as supplements.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief Rule 61.

Name and location of the court where the motion or petition was filed:
Superior Court New Castle County
500 N.King St. Wilmington, Delaware 19801

Docket or case number (if you know): I.D.# 0006015793

Date of the court's decision: August 28, 2006

Result (attach a copy of the court's opinion or order, if available): See attachments

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Delaware Supreme Court
P.O.Box 476. Dover, Delaware 19903
Docket or case number (if you know): No. 493, 2006

Date of the court's decision: April 24, 2007

Result (attach a copy of the court's opinion or order, if available): See Attachments

AO 241
(Rev. 12/04)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   N/A

**GROUND FOUR:** Defendant was denied due process and the effective assistance of counsel, when counsel failed to meaningfully challenge the admission of unnecessarily suggestive photo line up. Secured by the Sixth and Fourteenth Amendments.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Delaware Supreme Court admitted in it's order that the procedures used, when one witness identified the defendant in photo array was impermissibly suggestive, the same enforcement officer conducted all identifications, thus the petitioner asserts that all identifications by all witnesses was impermissibly suggestive. Moreover the State in it's response stated that counsel should have motioned trial court to suppress identification evidence prior to trial and not during trial proceedings.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Relief Rule 61.

AO 241
(Rev. 12/04)

Page 12

Name and location of the court where the motion or petition was filed:
Superior Court New Castle County
500. N. King St. Wilmington, Delaware 19801
Docket or case number (if you know): I.D.# 0006015793

Date of the court's decision: August 28, 2006

Result (attach a copy of the court's opinion or order, if available): See Attachments

(3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Delaware Supreme Court
P.O. Box 476. Dover, Delaware
Docket or case number (if you know): No. 493, 2006

Date of the court's decision: April 24, 2007

Result (attach a copy of the court's opinion or order, if available): See Attachments for other Grounds filed in Superior and Supreme Court.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

N/A

AO 241
(Rev. 12/04)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?      ☑ Yes      ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:            N/A

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so,

ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?      ☐ Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.      N/A

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?      ☐ Yes      ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

AO 241
(Rev. 12/04)

Page 14

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: David J. Facciolo

Public Defender Of The State
Of Delaware

(b) At arraignment and plea: James Nutter

Elbert M Carvel State Office
Building

(c) At trial: David J. Facciolo

820 N. French Street Third
Floor

(d) At sentencing: David J. Facciolo

P.O. Box 8911
Wilmington, Delaware 19801

(e) On appeal: David J. Facciolo

(f) In any post-conviction proceeding: James Folsom   Local Counsel;  Todd Henry Lead Counsel
                                       1215 King St.                   1500 N. Walnut Street
                                       Wilmington, Delaware 19801      Suite 1203
(g) On appeal from any ruling against you in a post-conviction proceeding:   Philadelphia, Pa. 19102-3507

         Pro'se

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging? .        ☐ Yes      ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:         N/A

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?              ☐ Yes      ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner is entitled to statutory tolling under 28 U.S.C. §2244 (d)(2),
because his PostConviction Relief Rule 61 was timely and properly
filed under state law.

✎ AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
        limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Due to the Constitutional violations
the petitioner respectfully asks this Honorable Court to vacate the
Sentence which he is serving and remand the proceedings back
to Superior Court with appropriate instructions.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on     June 21, 2007     (month, date, year).

Executed (signed) on     June 21, 2007     (date).

James A. Mays
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

U.S. District Court
_____
[insert appropriate court]

* * * * *

# ATTACHMENTS

Attachments Placed in Chronological Order Consists of.

| | |
|---|---|
| Supreme Court Order No. 391, 2002 | Pages 1. - 14, |
| Superior Court Order I.D.# 0006015793 | Pages 1. — 14. |
| Supreme Court Order No. 493. 2006 | Pages 1. - 5. |
| Supreme Court Order No. 493. 2006 | Page 1. |
| Grounds Five, Six and Seven also filed in Superior and Supreme Court | Pages 1.-2. |

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. MAYS, | § | No. 391, 2002 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below:  Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr.A. Nos:  IN00-07-0940 |
| | § | IN00-07-0941 |
| Plaintiff Below, | § | IN00-07-0942 |
| Appellee. | § | IN00-07-2210 |
| | § | IN00-07-2211 |

Submitted: December 12, 2002
Decided:    January 31, 2003

Before **VEASEY**, Chief Justice, **WALSH** and **STEELE**, Justices.

### ORDER

This 31st day of January 2003, upon consideration of the briefs of the parties it appears to the Court that:

(1)    After a jury trial, appellant, James Mays, was convicted of Attempted Murder First Degree, Robbery First Degree, Possession of a Firearm During the Commission of a Felony (two counts), and Conspiracy Second Degree.  The Superior Court sentenced Mays on June 14, 2002.  Mays appeals his conviction of all of the charges.

(2)    On June 21, 2000, a shooting occurred at the home of Christopher Williams. Williams was the victim. Although seriously injured, Williams survived the shooting.

(3)    At the time the shooting occurred, Williams was at his mother's apartment with a friend, William Miller. Both Miller and Williams spent the prior evening, June 20, 2000, drinking alcohol and smoking marijuana. Around midnight Williams fell asleep on the living room sofa.

(4)    Some time later, Williams awoke due to a commotion in the apartment. Upon awakening he saw two men in his living room with guns drawn. The two men were later identified as Gabriel Branch and the appellant, James Mays. A third person stood behind Branch and Mays.

(5)    Williams discovered that his friend Miller and Mays were arguing over Miller's dog. When Williams noticed the men had their guns drawn he arose from the sofa and stood beside Miller with his hands in the air, instructing the men to take whatever they wanted. The next thing Williams remembers is Miller holding his hand over Williams' neck where a bullet had entered. One of the men, allegedly Mays, shot Williams and then took Miller's dog.

2

(6)    The police conducted an investigation and interviewed several people who claimed to be at the scene or near the scene of the crime. The police developed Branch and Mays as suspects and brought Mays in for questioning.

(7)    On July 31, 2000, the State indicted Mays on several charges including Attempted Murder First Degree, Robbery First Degree and Possession of a Firearm During the Commission of a Felony. Trial began on February 28, 2002, and ended March 11, 2002. On March 6, 2002, after commencement of the trial, Mays first raised the issue that his statement should have been suppressed. This motion was subsequently denied.

(8)    The jury returned a verdict of guilt on the following charges: Attempted Murder First Degree,[1] Robbery First Degree,[2] Possession of a Firearm During the Commission of a Felony (two counts),[3] and Conspiracy Second Degree.[4] The court sentenced Mays on June 14, 2002. Mays now appeals his judgment.

(9)    Mays raises two issues on appeal: (a) whether the trial court committed reversible error by admitting certain photo arrays and identifications during trial,

---

[1] 11 *Del. C.* § 531.

[2] 11 *Del. C.* § 832.

[3] 11 *Del. C.* § 1447A.

[4] 11 *Del. C.* § 512.

3

and (b) whether the trial court erred by denying his motion to suppress his statement to the police.  Each issue will be examined in turn.

(10)   Mays first contends the trial court erred by admitting certain photo arrays and identifications.  This Court reviews the trial court's admission of evidence for abuse of discretion.[5]  If the Court finds that the Superior Court abused its discretion, this Court will then determine whether the error constitutes such significant prejudice that it denied Mays a fair trial.[6]

(11)   "An identification procedure will not pass constitutional muster where it is 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'"[7]  To determine if an identification procedure passes constitutional muster the trial court must examine whether:  (a) the procedure used was unnecessarily suggestive, and (b) there existed a likelihood of misidentification.[8]

(12)   Mays argues that the trial court erred by admitting both suggestive photo arrays and suggestive identification procedures.  We will review the merits of each argument separately.

---

[5]*Richardson v. State*, 673 A.2d 144, 147 (Del. 1996).

[6]*Barriocanal v. Gibbs*, 697 A.2d 1169, 1171 (Del. 1997).

[7]*Richardson*, 673 A.2d at 147, quoting *Younger v. State*, 496 A.2d 546, 550 (Del. 1985).

[8]*Id.* citing *Harris v. State*, 350 A.2d 768, 770 (Del. 1975).

4

(13)    Mays argued at trial that the photo arrays were impermissibly suggestive because in them his face stands out more than any of the others and because his is the only rounded face and his beard is fuller than the others. Another array he argues was also impermissible because he was the most clean shaven and his head shot was the largest in the array.

(14)    In ruling on Mays' objection the court found that his claim was without merit. Specifically the court found after analysis of the pictures that:

> They are all black males apparently in their late teens or early twenties. All of them . . . have some amount of facial hair, but the bottom line is I think it's a remarkably fair listing of individuals. While it's true that photograph number two is a little bit bigger than the others, photograph five is just about the same in terms of enlargement of head and roundness of face as the other.[9]

The court then concluded, "I do not find that this document, a photograph of your client, the defendant, is impermissibly suggestive. . . ."[10]

(15)    This Court has held, "The question of suggestiveness is invariably fact-driven."[11]    An analysis of the photo arrays at issue draws the conclusion that the Superior Court did not err in its finding. The photos all appear to be about the same

---

[9]Trial Record at 56.

[10]*Id.*

[11]*Richardson,* 673 A.2d at 147.

5

7-14

size, as do the men pictured in the photos. Furthermore, none of the men, including Mays, appear to be dramatically different looking from the other men pictured.

(16)   Although suggestiveness is a fact-driven question, it does not appear that the trial court was arbitrary or capricious in finding the photo arrays were not suggestive. Therefore, the issue of likelihood of misidentification does not need to be addressed. Accordingly, we find that the court did not abuse its discretion by admitting the photo arrays.

(17)   Mays also contends that the procedures used by the police officers in having the witnesses identify him were impermissibly suggestive. Specifically he argues that the procedures used with one witness, Matt Funk, were particularly suggestive.

(18)   The State argues that because Mays failed to raise this argument at trial he cannot raise it now on appeal. "Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."[12] This Court examines for plain error issues not presented to the trial court. Plain

---

[12]SUP. CT. R. 8.

6

error exists where the error was so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.[13]

(19)   Although Mays did not raise this issue before the trial court, the interests of justice require addressing this issue because the trial court did err with respect to the admission of one of the identifications.

(20)   Mays offers no proof that the procedures used with respect to all of the witnesses, except Funk, were suggestive. He merely states that the officer deviated from his normal procedures. The officer testified that he normally tries to obtain identifications in a neutral non-leading fashion. He also added that he likes to keep the witnesses separate to prevent them from talking. Mays argues that in his case, however, there was ample time for the witnesses to talk among themselves prior to the identification.

Mays provides no evidence that the witnesses talked with one another prior to their identifications. Furthermore he offers no proof that the process used with each witness was somehow non-neutral. Accordingly, with respect to each of the witnesses, except Funk, Mays has not proved the trial court committed plain error by admitting evidence of the identifications.

_____

[13]*Wainwright v. State,* 504 A.2d 1096, 1100 (Del. 1986).

(21)    With respect to witness Funk, Mays did provide proof of impermissible suggestiveness. Funk was one of the last witnesses to identify Mays. He had only met Mays on one or two other occasions and even then for only a brief period. During the course of Funk's identification the officer stated to him:

> I'm going to show you two line-ups and then I'm going to show you some pictures of a car. I'm sure you'll be able to pick the car out . . . . I'll let you look at the pictures. . . . I know you know James, so that should be the easy one. We'll get it out of the way first. . . . You can tell me whenever you see him.

(22)    The identification procedure in the case of Funk was unnecessarily suggestive. Particularly problematic is the statement, "I know you know James . . . . You can tell me whenever you see him." The officer should have asked Funk to identify the person who shot Williams. Instead he asked Funk to merely identify Mays' picture. Furthermore, there existed a likelihood of misidentification because the officer asked for Funk to identify Mays and not the person who shot Williams. Although the State argues that the officer's statement was permissible because Funk had previously identified Mays as the shooter, this does not alleviate the fact that the procedures used in the identification were unnecessarily suggestive and increased the likelihood of a misidentification. It appears the trial court abused its discretion by admitting the identification of Mays by Funk into evidence. This, however, does not end the matter.

8

(23)    For this Court to find plain error there must exist a substantial amount of prejudice to Mays.[14]    A substantial amount of prejudice does not exist here. Although Funk's identification should not have been admitted, his was one of several identifications made by witnesses.  The identification of Funk alone was not enough to cause prejudice to Mays in light of all the other identifications properly admitted.

(24)    Accordingly, although the trial court abused its discretion by admitting the identification of Mays by Funk no substantial prejudice resulted.  Accordingly, no plain error exists.

(25)    Mays next contends the trial court erred by not suppressing his statement to the police because he invoked his right to counsel but the police continued to question him.   This Court reviews the trial court's admission of evidence for an abuse of discretion.  If the Court finds that the Superior Court abused its discretion, this Court will then determine whether the mistakes constitute such significant prejudice that they denied the appellant a fair trial.[15]

(26)    This Court has held that, "once an accused in custody expresses a desire to deal with police only through counsel, he 'is not subject to further interrogation by the authorities until counsel has been made available to him' unless there is a

---

[14] *Wainwright,* 504 A.2d at 1100; *Barriocanal,* 697 A.2d at 1171.

[15] *Barriocanal,* 697 A.2d at 1171.

valid waiver of his request for counsel."[16]  In other words, where a suspect makes an explicit request for counsel, the police must refrain from further questioning until counsel is provided or the suspect himself initiates further conversation.[17]

(27)  The trial court's inquiry into a request for counsel consists of two parts. "First, the court must determine whether the defendant actually invoked his right to counsel.  Once this determination is made, further statements by the defendant are admissible only if (a) the defendant initiated further discussion, and (b) the defendant knowingly and intelligently waived the right to have an attorney present."[18]

If the court determines that the defendant did not unequivocally invoke his right to counsel the police are permitted to attempt to determine the suspect's intentions by repeating the *Miranda* warnings as a means of emphasizing the suspect's right to counsel.[19]  If the police do make additional inquiries, these questions cannot coerce or intimidate the suspect or otherwise discourage his efforts

---

[16]*Wainwright,* 504 A.2d at 1101 quoting *Edwards v. Arizona,* 451 U.S. 477, 485-86 (1981).

[17]*Crawford v. State,* 580 A.2d 571, 574 (Del. 1990).

[18]*Id.*

[19]*Id.* at 577.

10

to obtain counsel.[20]  Once the clarifying questions are answered and the suspect indicates he does not wish to obtain counsel, the interrogation may proceed.[21]

(28)   At the beginning of Mays' interrogation the officer began to read Mays his *Miranda* rights.  After stating, "If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish one," Mays responded, "Can I call my lawyer?"  The officer then asked Mays, "Is that what you want to do?"  Mays responded, "Yeah."

After Mays' response the police officer then asked Mays if he understood the rights explained to him.  Mays responded that he understood.  The police officer then asked, "OK, and having these rights in mind, do you want to talk to me now?"  To which Mays responded, "Yeah we can talk all night."

(29)   Mays gave an unequivocal request for counsel.  After he told the officer "Yeah" he wanted an attorney, questioning should have ceased.  Although the officer asked clarifying questions these questions are only necessary where a suspect's request is ambiguous.  Mays' request was clear.  Therefore questioning should have ceased and Mays should have received an attorney.

---

[20]*Id.*

[21]*Id.*

11

(30)   Accordingly, the court's conclusion that the police acted appropriately was error.  For reversible error to exist, however, Mays must show prejudice.  In this instance no prejudice exists because the statement, although taken without the presence of counsel, was essentially exculpatory.  Thus the court did not commit reversible error.

(31)   Furthermore, there exists another problem with Mays' motion to suppress.  Motions to suppress evidence must be raised prior to trial.[22]  Here Mays moved for suppression of his statement after the trial had commenced.  Although the trial court heard the motion and ruled on the merits, it ruled, alternatively, that the motion was denied because it was untimely.  Therefore, although the trial court abused its discretion by finding Mays did not request counsel the motion was properly denied as untimely.

(32)   Accordingly the court's denial of Mays' motion to suppress does not constitute reversible error.

---

[22]SUPER. CT. CRIM. R. 12(b)(3).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

Chief Justice



# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
) I.D. # 0006015793
v. )
)
JAMES A. MAYS, )
)
Defendant )
)

Submitted: July 18, 2006
Decided: August 28, 2006

## Upon Defendant's Motion for Postconviction Relief.
**DENIED IN PART; SUMMARILY DISMISSED IN PART.**

## ORDER

Marsha J. White, Esquire, Deputy Attorney General, Department of Justice
Wilmington, Delaware, Attorney for the State.

James A. Mays, Smyrna, Delaware, *pro se*.

COOCH, J.

This 28th day of August, 2006, upon consideration of Defendant's

motion for postconviction relief, it appears to the Court that:

1.    James A. Mays ("Defendant") was arrested on September 5, 1992,

and was indicted on July 31, 2000 on the charges of Attempted Murder First

Degree, Robbery First Degree, Possession of a Firearm During the

09/07/2006  13:26    2552265    PROTHONOTARY NCC    PAGE  03/15
4-17

Commission of a Felony (2 counts) and Conspiracy Second Degree.

Defendant was also initially charged with Assault First Degree and

Conspiracy First Degree, but were subsequently nolle prossed. Another

charge of Possession of a Firearm By a Person Prohibited was severed.

After a trial, which began on February 28, 2002, and ended on March 11,

2002, the jury convicted Defendant on the charges of Attempted Murder

First Degree, Robbery First Degree, Possession of a Firearm During the

Commission of a Felony (two counts), and Conspiracy Second Degree.

During trial, on March 6, 2002, Defendant, for the first time, moved to

suppress his own statement. The Court denied that motion.[1]  Then, on June

14, 2002, Defendant was sentenced to the following: (1) for Attempted

Murder First Degree, 15 years at Level V; (2) for Robbery First Degree, 10

years at Level V, suspended after 5 years for 5 years at Level IV, followed

by decreasing levels of supervision; (3) for both counts of Possession of a

Firearm During the Commission of a Felony, 10 years at Level V, suspended

after 5 years for 5 years at Level II; and (4) for Conspiracy Second Degree, 1

year at Level V, suspended immediately for 1 year at Level II. In all,

Defendant was sentenced to 30 years at Level V incarceration. Defendant

appealed to the Delaware Supreme Court based on two grounds: (1) that the

---

[1] *Mays v. State*, Del. Super., ID No. 0006015793, D.I. 26, Cooch, J. (March 8, 2002)
(ORDER).

2

trial court erred in admitting certain photo arrays and identifications into

evidence, and (2) that the trial court erred in denying Defendant's motion to

suppress, raised for the first time at trial, a statement Defendant made to

police. The Supreme Court affirmed.[2]

2.      Defendant filed this timely motion for postconviction relief pursuant

to Superior Court Criminal Rule 61 on June 13, 2005. Defendant sets forth,

in the form motion for postconviction relief, the following eight claims in

support of his motion: (1) that there was no evidence put forth by the State

as to specific intent or premeditation; (2) that defense counsel failed to

object on hearsay grounds to audiotapes of witnesses played in court during

the trial; (3) that defense counsel was ineffective for failing to object to the

admission of photographic identifications; (4) that defense counsel failed to

object to the introduction of medical records into evidence at trial; (5) that

defense counsel failed to "object to a misleading question by the prosecutor

during direct examination;"[3] (6) that defense counsel was ineffective for

failing to raise the March 6, 2002, Motion to Suppress before trial; (7) that

---

[2] *Mays v. State*, 2003 WL 231615 (Del. Supr.) (holding (1) that the trial court did not
abuse its discretion by admitting the photo arrays, which were held not to be suggestive,
(2) that it was not plain error for trial court to admit a photo line-up where the police
procedures used were "unnecessarily suggestive" as it was not ultimately prejudicial to
defendant, and (3) that in addition to properly denying the motion as untimely, it was not
reversible error for the trial court to deny the motion on the ground that defendant had not
requested an attorney).

[3] Def.'s Mot. for Postconviction Relief 3.

3

defense counsel was ineffective for failing to "adequately prepare for trial because he did not have adequate time to meet with defendant;"[4] and (8) that defense counsel was ineffective for failing to move for portions of Defendant's criminal record to be redacted.

3.    In response, Defendant's trial counsel, David J. J. Facciolo, Esquire, filed an affidavit, pursuant to Super. Ct. Crim. R. 61(g)(2), in order to respond to Defendant's allegations of ineffective assistance of counsel. Defense counsel responded to Defendant's allegations as they were set forth in Defendant's memorandum in support of his motion for postconviction relief, thus, the arguments are not in the same order as above. First, as to Defendant's argument that defense counsel was ineffective in not raising the motion to suppress Defendant's statement to the police prior to trial, counsel contends that he raised the issue upon first learning of it, even though that happened to be during the trial.[5] Second, counsel asserts that he objected to the allegedly suggestive photo identifications at trial, which, he argues, was appropriate.[6] Third, as to Defendant's assertion that trial counsel failed to raise sufficiency of evidence objections at trial, counsel argues that this

---

[4] *Id.* at 4.

[5] Facciolo Aff. 3, ¶ 1.

[6] *Id.* at 5, ¶ 3.

4

"issue is contradicted by the record."[7]  Fourth, as to the allegation that trial

counsel failed to object to the introduction of Defendant's medical records,

counsel argues that such an objection would have been frivolous and would

have been bad trial practice.[8]  Fifth, as to Defendant's allegation that counsel

ineffectively failed to object to the admission of audiotapes, counsel again

argues that such an objection would have been frivolous and would have

been bad trial practice.[9]  Finally, as to Defendant's assertion that trial

counsel should have objected to the introduction of Defendant's unredacted

statement to the police into evidence, counsel asserts that this was sound trial

practice.[10]

4.     The State also responded to Defendant's motion.  The State's

respective arguments are: (1) that ground one should be procedurally barred

as it was not previously asserted in Defendant's direct appeal and Defendant

has not shown cause or prejudice to have it heard now;[11] (2) that ground two

should be denied as trial counsel's failure to object to the audiotapes did not

---

[7] *Id.* at 5, ¶ 1.

[8] *Id.* at 5-6, ¶¶ 2, 3

[9] *Id.* at 6, ¶¶ 2, 3.

[10] *Id.* at ¶ 1.

[11] State's Resp. 2.

5

fall below an objective standard of reasonableness;[12] (3) that ground three

should be denied as the Delaware Supreme Court has already ruled that the

use of a photo line-up at trial, although suggestive, was not prejudicial;[13] (4)

that ground four, failure to object to the admission of medical records,

should be summarily dismissed as conclusory;[14] (5) that ground five, failure

to object to a misleading question, should be summarily dismissed as

conclusory;[15] (6) that ground six, failure to file pre-trial motions in

connection with Defendant's statement to the police, should be denied as

Defendant was not prejudiced;[16] (7) that ground seven, failure to adequately

prepare for trial, should be summarily dismissed;[17] and (8) that ground eight,

failure of trial counsel to redact Defendant's prior criminal record from

statement is conclusory.[18]

5.      Upon review of Defendant's motion, all of the above grounds are 1)

unsupported by any facts, 2) conclusory or 3) were not raised in a direct

---

[12] *Id.* at 5.

[13] *Id.* at 3.

[14] *Id.* at 5.

[15] *Id.*

[16] *Id.* at 3-4.

[17] *Id.* at 4.

[18] *Id.* at 5-6.

6

appeal, and, thus, procedurally barred. Therefore, the motion is **DENIED
IN PART** and **SUMMARILY DISMISSED IN PART.**

6.     When considering a motion for postconviction relief, the Court must
first apply the procedural bars of Super. Ct. Crim. R. 61.[19]  If a procedural
bar exists, then the claim is barred and the Court should not consider the
merits of the postconviction claim.[20]  Rule 61(i)(3) provides that "[a]ny
ground for relief that was not asserted in the proceedings leading to the
judgment of conviction, [or] in an appeal ... is thereafter barred, unless the
movant shows (A) [c]ause for relief from the procedural default and (B)
[p]rejudice from violation of the movant's rights." The procedural bar of
Rule 61(i)(3) can potentially be overcome by Rule 61(i)(5), which provides
that "[t]he bar[] to relief in paragraph[] ... (3) ... shall not apply to a
colorable claim that there was a miscarriage of justice because of a
constitutional violation that undermines the fundamental legality, reliability,
integrity or fairness of the proceedings leading to the judgment of
conviction." This "fundamental fairness" exception contained in Rule
61(i)(5) is "a narrow one and has been applied only in limited circumstances,

---

[19] *Bailey v. State*, Del. Supr., 588 A.2d 1121, 1127 (1991); *Younger v. State*, Del. Supr.,
580 A.2d 552, 554 (1990)(citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)).

[20] *Saunders v. State*, 1995 WL 24888 (Del. Supr.); *Hicks v. State*, 1992 WL 115178 (Del.
Supr.); *State v. Gattis*, 1995 WL 790961 (Del. Super.) (citing *Younger v. State*, 580 A.2d
at 554).

such as when the right relied upon has been recognized for the first time after [a] direct appeal."[21] However, although Rule 61(i)(3), as well as Rule 61(i)(4), could arguably apply here to bar Defendant's claim, the procedural bars of Rule 61 do not apply to a claim of ineffective assistance of counsel as it is a "constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceeding."[22]

7.    To succeed on an ineffective assistance of counsel claim, Defendant must show both (a) that "counsel's representation fell below an objective standard of reasonableness" and (b) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different."[23] Defendant must satisfy the proof requirements of both prongs in order to succeed on an ineffective assistance of counsel claim; failure to do so as to one prong will render the claim unsuccessful and the court need not address the remaining prong. Defendant must prove his allegations by a preponderance of the evidence.[24] Moreover, allegations that

---

[21] *Younger*, 580 A.2d at 555.

[22] Super. Ct. Crim. R. 61(i)(5). *See also Strickland v. Washington*, 466 U.S. 668, 687 (1984) (stating that proof an ineffective assistance of counsel claim "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable").

[23] *Albury v. State*, 551 A.2d 53, 58 (Del. 1998) (quoting *Strickland*, 466 U.S. at 688, 694).

[24] *State v. Wright*, 653 A.2d 288, 294 (Del. Super. Ct. 1994).

8

are entirely conclusory are legally insufficient to prove ineffective assistance

of counsel; the defendant must allege concrete allegations of actual prejudice

and substantiate them.[25]  Finally, any "review of counsel's representation is

subject to a strong presumption that the representation was professionally

reasonable."[26]

8.       Finally, Superior Court Criminal Rule 61(d)(4) provides that "[i]f it

plainly appears from the motion for postconviction relief and the record of

prior proceedings in this case that the movant is not entitled to relief, the

judge may enter an order for its summary dismissal and cause the movant to

be notified."  Defendant's motion for postconviction relief will be

summarily dismissed where no facts supporting Defendant's contentions are

offered and the claims are conclusory.[27]

9.       As to ground one, this Court finds that it is procedurally barred under

Rule 61(i)(3).  Defendant's claim that the State did not sufficiently prove

specific intent or premeditation on the part of Defendant was not raised in

---

[25] *Jordan v. State*, 1994 WL 466142 (Del. Supr.) (citing *Younger v. State*, 580 A.2d at
556) (holding that conclusory allegations are legally insufficient to prove ineffective
assistance of counsel); *State v. Brittingham*, 1994 WL 750341 (Del. Super.) (same).

[26] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[27] *State v. Cooper*, 2001 WL 1729147 (Del. Super.) (summarily dismissing defendant's
claims of false testimony and ineffective assistance of counsel as defendant did not offer
supporting facts and the claims were conclusory). *See also Jordan v. State*, 1994 WL
466142 (Del. Supr.); *State v. Brittingham*, 1994 WL 750341, * 2 (Del. Super.) (citing
*Younger v. State*, 580 A.2d at 556 (holding that conclusory allegations are legally
insufficient to prove ineffective assistance of counsel)).

9

either the initial trial or on direct appeal. Thus, under Rule 61(i)(3)(A) and
(B), Defendant may only succeed on this ground if he can satisfy both the
"cause" and "prejudice" prongs. Although Defendant submitted a reply
brief specifically addressing both of those prongs, it did so in a conclusory
fashion. For example, as to the "prejudice" prong, Defendant merely alleges
that "[t]rial counsel failed to address issues of constitutional importance and
failed to make objections during trial, sentencing and direct appeal."[28]  As a
Defendant must show a "substantial likelihood" that the outcome would
have been different had the issue been raised before, such conclusory
allegations of prejudice are not enough to satisfy the "prejudice" prong.[29]
As the "prejudice" prong was not satisfied, this Court need not address the
"cause" prong.[30]  Further, Defendant has not sufficiently pointed to a
constitutional violation that has "undermined the fundamental legality,
reliability, integrity or fairness of the proceedings leading to the judgment of
conviction."[31]  Therefore, Defendant's first ground for relief is **DENIED.**

10.    Defendant's second ground, that trial counsel failed to object on

hearsay grounds to the playing of audiotapes of witnesses during trial, fails

---

[28] Def.'s Reply 2.

[29] *See Flamer v. State*, 585 A.2d 736, 748 (Del. 1990).

[30] *See Grosvenor v. State*, 849 A.2d 33, 35 (Del. 2004).

[31] Super. Ct. Crim. R. 61(i)(5).

10

as Defendant has not shown through concrete facts from the record that trial counsel's actions fell below an objective level of reasonableness. Both trial counsel and the State agree that the tapes were admissible and that any such hearsay objection would have been frivolous.[32] As trial counsel undoubtedly knew the applicable rule of evidence and that such an objection would be frivolous, the decision to not object is sound trial strategy and does not fall below any standard of reasonableness. Thus, Defendant's second ground for relief is **DENIED.**

11.   Defendant's third claim, that trial counsel should have moved to suppress a suggestive photo line-up prior to trial, also fails. The Delaware Supreme Court, in the direct appeal of Defendant's convictions, held that while the photographic line-up was not itself suggestive, the "procedures used by the police officers in having the witnesses identify [the Defendant] were impermissibly suggestive."[33] However, the Court went on to say that although the procedures used with one witness was suggestive, no prejudice resulted.[34] Therefore, as no prejudice existed, the outcome would not have been different, and Defendant has not shown that trial counsel's failure to object caused Defendant any prejudice. Thus, ground three is **DENIED.**

---

[32] Facciolo Aff. at 6, ¶ 1-3; State's Resp. 5.

[33] *Mays v. State,* 2003 WL 231615, at * 2.

[34] *Id.* at * 4.

11

12.    As to ground four of Defendant's motion, that trial counsel was

ineffective by not objecting to the stipulated introduction of medical records,

Defendant has only supplied this Court with conclusory allegations of

prejudice. The Defendant merely states that "with the admission of the

medical records, the jury is undoubtedly heightened as to the severity of the

victim's injury beyond the live testimony and without the necessity of

satisfying the intent issue."[35] The Defendant has not set forth any concrete

allegations of actual prejudice nor has he been able to substantiate them.[36]

Thus, ground four of Defendant's petition is completely conclusory and is

**SUMMARILY DISMISSED.**

13.    Ground five of Defendant's motion claims that trial counsel was

ineffective by failing to object to misleading questions posed by the State.

This claim is also conclusory as it points to no concrete facts in the record to

substantiate the claim. Thus, under Rule 61(d)(4), ground five of

Defendant's petition is **SUMMARILY DISMISSED.**

14.    Ground six of Defendant's motion is also conclusory. Defendant

claims that "introduction of the defendant's unredacted statement in the

presence of the jury could have lead them to speculate that the police inquiry

---

[35] Def.'s Memorandum in Supp. of Pet. 7.

[36] *Jordan v. State*, 1994 WL 466142 (Del. Supr.) (citing *Younger v. State*, 580 A.2d at
556) (holding that conclusory allegations are legally insufficient to prove ineffective
assistance of counsel); *State v. Brittingham*, 1994 WL 750341 (Del. Super.) (same).

12

was reasonable and that the defendant should fully cooperate if he 'had

nothing to hide.'"[37]  The Delaware Supreme Court, in Defendant's direct

appeal, spoke at great length as to Defendant's statement and the untimely

motion to suppress.  The Court held that although after Defendant had

requested an attorney all questioning should have stopped, and that the

statement that resulted from further questioning was admitted in error, there

was no prejudice from such error "because the statement, although taken

without the presence of counsel, was essentially exculpatory."[38]  Therefore,

as the Delaware Supreme Court found that there was no prejudice,

Defendant can not satisfy, and has not done satisfied, the prejudice prong of

a claim of ineffective assistance of counsel.  Thus, Defendant's sixth ground

for relief is **DENIED.**

15.    Ground seven of Defendant's petition focuses on Defendant's claim

that trial counsel did not adequately prepare for trial by meeting with

Defendant.  Defendant's claim is completely conclusory as it does not set

forth any concrete facts from the record in support of his allegation.[39]  Thus,

ground seven is **SUMMARILY DISMISSED.**

---

[37] Def.'s Memorandum in Supp. of Pet. 8.

[38] *Mays v. State,* 2003 WL 231615, at * 5.

13

09/07/2006  13:26    2552265    16-17

16.    Finally, ground eight of Defendant's petition alleges that trial counsel

was ineffective for failing to redact Defendant's prior record from

Defendant's statement.  Defendant sets forth a conclusory allegation of

ineffective assistance of counsel without any substantiating facts or case law.

Thus, Defendant's allegation of ineffective assistance of counsel as it relates

to redaction of Defendant's statement dealing with Defendant's prior

criminal record is **SUMMARILY DISMISSED.**[40]

   **IT IS SO ORDERED.**

_____

Richard R. Cooch, J.

oc:    Prothonotary
cc:    Investigative Services
       David J. J. Facciolo, Esquire

FILED PROTHONOTARY
2006 AU 28 PM 2: 50

---

[39] *Jordan v. State*, 1994 WL 466142 (Del. Supr.) (citing *Younger v. State*, 580 A.2d at
556) (holding that conclusory allegations are legally insufficient to prove ineffective
assistance of counsel); *State v. Brittingham*, 1994 WL 750341 (Del. Super.) (same).

[40] *Id.*; *Id.*

14



IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES A. MAYS,                      §         DEPUTY CLERK
                                    §  No. 493, 2006 WILMINGTON
        Defendant Below-            §
        Appellant,                  §
                                    §  Court Below—Superior Court
        v.                          §  of the State of Delaware
                                    §  in and for New Castle County
STATE OF DELAWARE,                  §  Cr. ID No. 0006015793
                                    §
        Plaintiff Below-            §
        Appellee.                   §

Submitted: March 9, 2007
Decided: April 24, 2007

Before **HOLLAND**, **BERGER** and **JACOBS**, Justices.

## O R D E R

This 24th day of April 2007, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, James A. Mays, filed an appeal from the Superior Court's August 28, 2006 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. We find no merit to the appeal. Accordingly, we AFFIRM.

(2)    In March 2002, a Superior Court jury found Mays guilty of Attempted Murder in the First Degree, Robbery in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony, and Conspiracy in the Second Degree. On the attempted murder conviction, he

below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[2] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[3] The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[4]

(5)    Mays has failed to demonstrate that his counsel committed any errors that were prejudicial to him. The tape recording of the 911 call was admissible at trial under the excited utterance exception to the hearsay rule.[5] The witness' statement to police was admissible at trial as affirmative evidence.[6] Therefore, any objection by counsel on either of these grounds would have been futile. This Court's ruling on direct appeal that neither the out-of-court photo identification of Mays nor Mays' statement to police prejudiced him forecloses any ineffective assistance claim on either of those grounds.

(6)    Mays has failed to cite to any legal authority supporting his claim that his in-court identification was objectionable. In the absence of

---

[2] *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

[3] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[4] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[5] *Warren v. State*, 774 A.2d 246, 251-53 (Del. 2001).

[6] Del. Code Ann. tit. 11, § 3507.

3

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES A. MAYS,                          §
                                        §
              Defendant Below,          §
              Appellant,                §
                                        §
       v.                               §    No. 493, 2006
                                        §
STATE OF DELAWARE,                      §
                                        §
              Plaintiff Below,          §
              Appellee.                 §

Submitted:  May 21, 2007
Decided:  May 23, 2007

Before **HOLLAND, BERGER** and **JACOBS**, Justices.

### O R D E R

This 23 day of May, 2007, the Court having carefully considered appellant's

Motion for Reargument of the Court's Order dated April 24, 2007, and it appearing that

the same should be denied;

NOW, THEREFORE, IT IS ORDERED that appellant's Motion for Reargument

be, and the same hereby is, DENIED.

BY THE COURT:

Carolyn Berger

Justice

Grounds Five, Six and Seven also filed in
Superior and Supreme Court.

Ground FIVE.  Defendant was denied due process and his right to effective assistance of counsel, When counsel failed to file motion to suppress before trial. Secured by the Fifth, Sixth and Fourteenth Amendments

## Supporting Facts.

Counsel failed to file a motion to suppress prior to trial, statements that were induced from the accused, after the accused had invoked his right to counsel, during interrogation, the Supreme Court stated in it's order from direct appeal, that counsel's motion to suppress was untimely, and that after the accused had requested an attorney all questioning should have stopped, and that the statements that resulted from further questioning was admitted in error.

Ground Six. Defendant was denied due process and the effective assistance of counsel, When counsel failed to object to the introduction of medical records into evidence at trial. secured by the Fifth, Sixth and Fourteenth Amendments.

## Supporting Facts

Counsel failed to object to the introduction of medical records that were admitted into evidence, which contained references to elements of charges and allegations against the accused, Trial Court had suggested the possibility of redacting the references of the crimes contained in the medical records. Given the fact that the defendant had advanced his right not to testify, and trial court had already severed simular charges and references that would have caused sufficient prejudice.

I.

Ground Seven. Defendant was denied due process and the effective assistance of counsel. When counsel failed to motion for portions of the defendant's record to be redacted. Secured by the Fifth, Sixth and Fourteenth Amendments.

## Supporting Facts.

Trial Court asked defense counsel, "I assume there are no redaction issues?" Counsel stated, "not to my Knowledge," the very next day once trial began, counsel stated, "There clearly is the issue of redacting," trial court had previously asked, "Is there any thought that any of these crimes in the records should be redacted?" Counsel stated, "Your Honor, it would be to difficult to redact it," clearly this was a complete controdiction by counsel. Moreover it shows counsels ineptitude, counsel's failure to have those portions of the record redacted, was no different than having the accused take the stand and testify against himself after the accused had asserted his Fifth Amendment right not to testify.

2.

## Certificate of Service

I, _James A. Mays_ _____ ,hereby certify that I have served a true

And correct cop(ies) of the attached: _Writ of Habeas Corpus_ _____

_____ upon the following

parties/person (s):

TO: _U.S District Court_ _____

_844 King Street_ _____

_Lock Box 18_ _____

_Wilmington, Delaware 19801_ _____

_____

TO: _U.S District Court_          TO: _____

_____          _____

TO: _____          TO: _____

_____          _____

_____          _____

_____          _____

_____          _____

**BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.**

On this _21st_ day of _June_ _____ ,200 _7_

_James A. Mays_ _____

FROM: James A. Mays
SBI# 295762 UNIT D-East
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY

UNITED STATES POSTAGE
$ 04.60
02 1A
0004698975  JUN 27 2007
MAILED FROM ZIP CODE 19977

United States District Court
844 King Street
Lock Box #18
Wilmington, Delaware
19801

any evidence that the redaction of certain portions of Mays' statement, or the victim's medical records, would have altered the outcome of his trial, those claims fail as well. Mays' claim that his trial counsel was not prepared for trial was properly denied by the Superior Court as conclusory. While Mays provides a list of specific ways in which he alleges his counsel was unprepared for trial in his instant appeal, he fails to demonstrate how those alleged errors resulted in prejudice to him. As such, this claim is also unavailing.

(7)    Mays' final claim is that his counsel provided ineffective assistance by failing to argue on direct appeal that the State's evidence was insufficient to support his conviction of Attempted Murder in the First Degree. The trial transcript reflects that, when Mays shot his pistol, his arm was extended directly towards the victim, who, the ballistic evidence showed, was shot in the neck at close range. Under these circumstances, the evidence was more than sufficient to support Mays' conviction.[7] Therefore, Mays' counsel did not provide ineffective assistance by not raising the claim on direct appeal.

---

[7] Del. Code Ann. tit. 11, §§ 531 and 636(a) (1) (containing the elements of attempted first degree murder); *Barnett v. State*, 691 A.2d 614, 618 (Del. 1997) (in reviewing a claim of insufficiency of the evidence, the relevant inquiry is whether, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt).

was sentenced to 15 years at Level V. On the robbery conviction, he was sentenced to 10 years at Level V, to be suspended after 5 years for 5 years at Level IV followed by decreasing levels of supervision. On the firearm convictions, he was sentenced to a total of 10 years at Level V, to be suspended after 5 years for 5 years at Level II. On the conspiracy conviction, he was sentenced to 1 year at Level V, to be suspended for 1 year at Level II. This Court affirmed Mays' convictions and sentences on direct appeal.[1]

(3)    In this appeal, Mays claims that his trial counsel provided ineffective assistance by failing to a) object to the admission of a 911 call to the police and a witness statement given to the police; b) move for the suppression of in-court and out-of-court identifications of him; c) move to suppress, or redact, his statement to the police; d) move to redact the victim's medical records; and e) properly prepare for trial. Mays also claims that, on direct appeal, his counsel failed to raise the claim that the prosecution failed to prove beyond a reasonable doubt that he intended to kill the victim.

(4)    In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell

---

[1] *Mays v. State*, Del. Supr., No. 391, 2002, Veasey, C.J. (Jan. 31, 2003).