IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. MAYS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-417-GMS |
| | ) | |
| ELIZABETH BURRIS, Acting Warden and JOSEPH R. BIDEN III, Attorney General for the State of Delaware | ) ) ) | |
| | ) | |
| Respondents.[1] | ) | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

A Delaware Superior Court grand jury charged James A. Mays with several felonies, including attempted first degree murder and first degree robbery, in an indictment returned on July 31, 2000. Following a jury trial, Mays was convicted of attempted first degree murder, first degree robbery, two counts of possession of a firearm during the commission of a felony and second degree conspiracy. Mays was sentenced to a term of years, followed by decreasing levels of supervision, on June 14, 2002. The Delaware Supreme Court affirmed Mays' convictions and sentences on January 31, 2003. *See Mays v. State*, 2003 Del. LEXIS 65 (Del. Supr.).

Mays moved for postconviction relief in Superior Court on June 13, 2005. The Superior Court denied relief in an order dated August 28, 2006. On April 24, 2007, the Delaware Supreme Court affirmed the order denying Mays' motion. *See Mays v. State*, 2007 Del. LEXIS

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Elizabeth Burris was named Acting Warden, effective September 1, 2007.

176 (Del. Supr.). Mays then filed a petition for a writ of habeas corpus in this Court on June 21, 2007. *See* D.I. 2. Mays amended his petition on September 27, 2007. *See* D.I. 9. This is the respondents' answer.

## Facts[2]

> In the early morning hours of June 21, 2002, the defendant James Mays, shot victim Christopher Williams in the neck with a handgun. Williams survived, barely, but the wound caused him permanent disabilities and created a risk that at some time in the future he will become a quadriplegic. He was 16 years old.
>
> At the time of the shooting, Williams was staying in the apartment of his mother, who was absent. With him in the apartment was a friend, William Miller. The two spent the evening drinking alcohol and smoking marijuana. At about midnight, Williams fell asleep on the living room sofa. He was awakened by a commotion and saw two men - later, determined to be the defendant, James Mays, and a companion, Gabriel Branch - standing in the living room with guns drawn. A third individual stood behind the two gunmen. Mays and Miller were arguing over Miller's dog. Upon seeing the guns, Williams jumped up, stood besides Miller with his hands in the air and told the gunmen to take whatever they wanted. The next thing Williams remembered was his friend Miller holding his thumb over the bullet hole in his neck.
>
> The subsequent police investigation into the shooting revealed that on the night of the shooting Miller was contacted by an acquaintance named Matthew Couch. According to Miller, Couch wanted to come to the apartment to "hang out". According to Couch, the purpose of the visit was to buy marijuana. In any event, Couch eventually arrived in the company of two men whom Miller did not know. These were defendant Mays and Gabriel Branch. Miller and Mays began to argue over Miller's dog, a pit bull, that Mays said he wanted.
>
> When the argument began, John Lackford, one of those who had gone to the apartment complex with Couch and company, was on the back deck. Upon hearing the commotion, he entered the apartment through the rear, leaped over the sofa, saw Mays and Branch with their guns drawn and, realizing that he was in the line

---

[2] The facts are taken from the State of Delaware's answering brief in *Mays v. State*, No. 391, 2002 (citations omitted) (footnotes omitted).

of fire, ran out the front door. As he exited the apartment (before any shots were fired) he saw Branch running ahead of him putting his gun away. As he ran from the apartment, Lackford heard gunshots.

Mays fired two shots. The first hit Williams in the neck. The second shot missed. He then ran off with Miller's dog.

### Discussion

In his petition and subsequent amendment, Mays raised several claims of error in state court proceedings. First, Mays claims that he was "denied due process when the state failed to put forth evidence as to specific intent or premeditation of the charges, secured by the Fifth and Fourteenth Amendments." D.I. 2 at 6. *See also* D.I. 9 at 1-3. Second, Mays contends that his trial counsel was ineffective because counsel "failed to object to hearsay audio tapes of witness played before the jury . . . ." D.I. 2 at 8. *See also* D.I. 9 at 13-14. Next, Mays argues that counsel was ineffective because counsel "failed to adequately prepare for trial and consul with the defendant . . . ." D.I. 2 at 9. *See also* D.I. 8 at 10-12. Mays further assails trial counsel's performance by claiming that counsel unreasonably "failed to meaningfully challenge the admission of unnecessarily suggestive photo lineup . . . ." D.I. 2 at 11. *See also* D.I. 8 at 6-9. Mays also claims that counsel should have moved to suppress a statement that Mays gave to police because, in Mays' mind, the statement was taken in violation of his Fifth Amendment rights. *See* D.I. 8 at 4-5. Finally, Mays complains that counsel unreasonably failed to move to redact portions of Mays' criminal record that were introduced during trial. *See* D.I. 8 at 15-16.

Mays has not exhausted state court remedies regarding his first claim that there was insufficient evidence to allow the jury to convict him of attempted first degree murder. *See Mays*, 2003 Del. LEXIS 65 at *3-4; *Mays*, 2007 Del. LEXIS 176 at *2. Of course, if there are no available state court remedies, then Mays is excused from the exhaustion requirement. *See*

*Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989). Mays did not present this particular on direct appeal; accordingly, any attempt to do so in the postconviction context would be foreclosed by Delaware Superior Court Criminal Rule 61(i).[3] Because Mays cannot present his allegation of insufficient evidence to the Delaware Supreme Court, he is excused from satisfying the exhaustion requirement. *See Lawrie v. Snyder*, 9 F. Supp.2d 428, 453-54 (D. Del. 1998).

Nevertheless, federal habeas review of the claim is barred unless Mays establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05. Mays has not articulated any basis in his petition to establish cause for failing to present his insufficiency of the evidence

---

[3] At the time Mays' conviction final, Superior Court Criminal Rule 61(i)(3) allowed a defendant three years to file a motion for postconviction relief. Accordingly, while Mays initially had three years to petition the Superior Court for postconviction relief, any attempt to do so now would be time barred. Additionally, because he did not present the insufficiency of evidence claim on direct appeal, Mays would be prohibited from doing so in the postconviction context unless he was able to demonstrate cause and prejudice excusing his default. *See* Del. Super. Ct. Crim. R. 61(i)(3).

4

claim to the Delaware Supreme Court. As a result, the claim can be dismissed without any consideration of actual prejudice. *See Lawrie*, 9 F. Supp. 2d at 452 (*citing Presnell v. Kemp*, 835 F.2d 1567, 1589 n. 29 (11th Cir. 1988); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995)).

Although Mays has exhausted state court remedies regarding the remaining claims raised in his federal petition,[4] he is not entitled to federal habeas relief because his petition is untimely. Mays' petition was filed on June 21, 2007,[5] subjecting it to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d at 433 n.1; *Dawson*, 988 F. Supp. at 802-03. By the terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[6] The Delaware Supreme Court affirmed Mays' convictions and sentences on January 31, 2003. Mays did not petition the United States Supreme Court for a writ of certiorari; accordingly, his conviction became "final" on May 1, 2003. *See Kapral v. United States*, 166 F.3d 565, 575, 578

---

[4] On direct appeal, Mays presented two claims to the Delaware Supreme Court: "(a) whether the trial court committed reversible error by admitting certain photo arrays and identification during trial, and (b) whether the trial court erred by denying his motion to suppress his statement to the police." *Mays*, 2003 Del. LEXIS 65 at *3-4. Mays included the remainder of the claims he currently raises in the appeal from the Superior Court's order denying Mays postconviction relief. *See Mays*, 2007 Del. LEXIS 176 at *2 ("Mays claims that his trial counsel provided ineffective assistance by failing to a) object to the admission of a 911 call to the police and a witness statement given to the police; b) move for the suppression of in-court and out-of-court identifications of him; c) move to suppress, or redact, his statement to the police; d) move to redact the victim's medical records; and e) properly prepare for trial.").

[5] The petition is dated June 21, 2007. D.I. 2 at 16. That is the presumptive date on which Mays gave the petition to prison officials for mailing. In turn, that date is the date the petition is deemed filed. *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002).

[6] Mays does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.

(3d Cir. 1999) (when a petitioner does not file a petition for a writ of certiorari in the United States Supreme Court, his conviction becomes final after the expiration of the 90-day filing period).  Mays, therefore, had until May 1, 2004 to file his federal petition without running afoul of the one-year time limitation of § 2244(d)(1).  *See Satterfield v. Johnson*, 434 F.3d 185, 191 (3d Cir. 2006); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  By the time Mays finally filed his federal petition on June 21, 2007, more than three years had passed since the one-year limitations period had expired.  Accordingly, Mays' petition is untimely and must be dismissed unless the intervening time can be statutorily or equitably tolled.  *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The tolling provision of § 2244(d)(2) does not save Mays' petition from the one-year limitations period.  When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts.  Although Mays did file a motion for state postconviction relief, he did not do so until June 13, 2005.  By then, the one-year limitations period had expired 405 days earlier.  Mays' postconviction filing then had no effect on the expiration of the one-year period.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Woods*, 215 F. Supp.2d at 462 (citing cases); *Spencer v. Snyder*, 2002 U.S. Dist. LEXIS 14754, *5-6 (D. Del. July 24, 2002) (citing cases).  Accordingly, there is no basis for any period of time to be statutorily tolled.

Furthermore, while this Court has noted that the limitations period may be subject to equitable tolling, *see, e.g., Thomas v. Snyder*, 2001 U.S. Dist. LEXIS 19969, at *10-11 (D. Del. Nov. 28, 2001) (describing rule), Mays' petition presents no justification for doing so.  Equitable tolling saves an untimely petition only when the petitioner "has in some extraordinary way been prevented from asserting his or her rights."  *Miller v. New Jersey State Dep't of Corrections*, 145

F.3d 616, 618 (3d Cir. 1998). Equitable tolling, moreover, requires diligence on the part of the petitioner. *Id.* at 618-19. *See also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). To this end, equitable tolling has been "specifically limited" to three situations: "(1) where the defendant (or the court) actively misled the plaintiff; (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where the plaintiff asserted his rights mistakenly in the wrong forum." *Bacon v. Carroll*, 2007 U.S. Dist. LEXIS 68877 (D. Del. Sept. 17, 2007) (*quoting Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)). Mays has offered no justification that would warrant equitable tolling, especially in light of his failure to pursue state postconviction relief for more than two years after his conviction became final. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). There being no basis for equitable tolling, Mays' petition should be denied as untimely.

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that the transcripts of Mays' trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

_____
Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500

                                Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

DATE: December 10, 2007