IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

James A. Mays, )
    Petitioner. )
v. ) Civ. A. No. 07-00417-GMS
Warden Thomas Carroll; )
Attorney General For the )
State of Delaware Beau Biden, )
    Respondents. )
 )

FILED
DEC 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

Petitioner's Traverse To Answer

I. Custody.

    Petitioner has filed a form petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Delaware Correctional Center. Petitioner claims that he is not " lawfully " in custody because of the violations of his rights under the United States Constitution that are alleged in the petition for writ of habeas corpus and herein. Petitoner denies each and every allegation of the Answer and re-affirms that his confinement is in violation of the constitution.

II. Procedural Default.

    Petitioner has complied with relevant state procedural requirements. During the process of exhausting the federal claims in the state court, the petition was denied on the merits. Petitioner's Motion for postconviction relief under Superior Court Criminal Rule 61 ( " Rule 61 Motion " ) was timely filed.

    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244 Statute of limitations runs one year after the conviction

becomes final on direct appeal. A properly filed Rule 61 motion tolls the AEDPA Statute of limitations, but only if the Rule motion is filed before the federal statute of limitations has run out. Petitioner admits that his habeas corpus petition was not filed within one year of the date the petitioner's conviction became final on direct appeal. The petitioner's direct appeal was affirmed on January 31, 2003. ( Petitioner's conviction became final on the date the Delaware Supreme Court issued it's mandate ). Therefore, Petitioner's habeas corpus had to be filed on or before January 31, 2004. Petitioner filed his habeas corpus on June 21, 2007, which was three years past the AEDPA statute of limitations.

The AEDPA statue of limitations prohibits the federal courts from considering a habeas corpus petition that was not filed within one year of the date the petitioner's conviction became final on direct appeal, unless petitioner can establish " good cause " for the default. The petitioner herein alleges " good cause " for the default by attempting to demonstrate that the AEDPA statue of limitations expired because appellate counsel gave petitioner no advice at all about the AEDPA, and privately retained counsel hired to preserve petitioner's federal rights failed to do so.

Since appellate counsel and privately retained counsel are responsible for the AEDPA statue of limitations running out, the federal statue of limitations is equitably tolled based on " attorney misrepresentation " see <u>Seitzinger v. Reading Hospital and Medical Center</u>, 165 F.3d 236 ( 3rd Cir. 1999 ).

1.) The Sixth Amendment guarantee's the effective assistance of counsel on direct appeal. Therefore, the lawyer who handled the appeal had a constitutional duty to give advice about the AEDPA statue of limitations.

2.) Advice about the AEDPA's time requirement is so fundamental, and so intimately linked to proceedings on direct appeal, that failure to advise petitioner at all about the AEDPA necessarily amounts to appellate Ineffe-

ctive Assistance of Counsel, which is covered by the Sixth Amendment . Appellate Counsel could have wrote the petitioner a basic form letter detailing the AEDPA statue of limitations. see ( Exhibit 1.)

3.) Appellate counsel's lack advice contributed to the running of the AEDPA statue of limitations, thus violating the Sixth Amendment, and therefore constituting good cause for the late filing under the AEDPA.

Privately retained counsel actions went beyond " garden variety negligence ." His actions crosses the line into " misrepresentation " or " lying " Counsel promised to preserve petitioner's federal rights and failed to do so. He accepted a fee and then broke the promise to file a timely Rule 61 Motion within the AEDPA statue of limitations. Therefore, petitioner's petition is entitled to equitable tolling, for all the time that counsel mislead petitioner.

Petitioner hired privately retained counsel on December 29, 2003. Petitoner's direct appeal was affirmed on January 31, 2003. Counsel filed petitioner's Rule 61 Motion on June 13, 2005, which was 17 months after the running of the AEDPA statue of limitations . Counsel assured petitioner that he would file a Rule 61 Motion within the AEDPA statue of limitations. Petitioner can show through correspondence; see exhibits ( letters dated December 29, 2003 ). that counsel was retained to represent petitioner . <u>Seitzinger</u> Id. holds that counsel actions amount to attorney misconduct that will support a relief from default on the statue of limitations.

III. Standard of Review.

Pursuant to the provisions of the AEDPA, the " unreasonable application " standard of review is applicable to petitioner's claim of ineffectiveness of counsel. Petitioner alleges that, applying this standard, the state court decision denying him postconviction relief constitutes an unreasonable application of federal law as determined by the United Sta-

tes Supreme Court, The petitioner further alleges that the State Court decision is based on an unreasonable determination of the facts that is rebutted by clear and convincing evidence in the record.

IV. Incorporation by Reference

Petitioner incorporates by reference the petition for Writ of Habeas Corpus, along with all Supporting documents, including the Supporting Exhibits and Points and Authorities in support of Traverse, which are being submitted contemporaneously.

V. Prayer for Relief

Wherefore, for the reasons set forth herein and in the documents incorporated by refernce, petitioner respectfully requests that the court:

1.) Order an evidentiary hearing and appoint counsel for the petitioner;

2.) Grant the writ of habeas corpus, reverse petitioner's conviction and order a new trial; and

3.) Grant all other appropriate relief.

Dated: 12-21-07

James A. Mays # 295762
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

EXAMPLE LETTER

David J. Facciolo
Public Defender of the State of Delaware
Elbert N. Carvel State Office Building
820 N. French Street Third Floor
P.O. Box 8911
Wilmington, Delaware 19801

January 31, 2003

James A. Mays # 295762
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

RE: No. 391, 2002

Dear Mr. Mays,

  Today the Supreme Court issued their decision on your appeal. Regretfully, it is not the decision that we had hoped for. Your direct appeal has been affirmed. I have enclosed a copy of the court's decision, at this point your legal options include challenging your conviction and sentence through postconviction petitions. In order to preserve your federal rights a habeas corpus petition must be filed before the statue of limitations runs out. The AEDPA Statue of Limitations runs one year after the conviction becomes final on direct appeal. your conviction became final on January 31, 2003.

  A properly filed Motion for Postconviction Relief under Superior Court Criminal Rule 61. tolls the AEDPA statue of limitations, but only if the Rule 61. motion is filed before the federal statue of limitations has run out. because the statue of limitations is so critical, the first thing to do before you even start working on your habeas corpus petition, is to determine the AEDPA statue of limitations date, calender it, and make sure you file your petition in time. You must file either a Rule 61. motion, or a habeas corpus on or before January 31, 2004.

  If you're filing a federal habeas corpus petition you need only make sure that the petition is provided to prison staff for ma-

1

iling before the statue of limitations date runs out. However, if you're filing a Rule 61. motion, you will also need to leave yourself extra time at the back end to allow for the time you will need to file in federal court, after your Rule 61. Motion has been denied by the Delaware Supreme Court.

If you choose to have a private attorney represent you, please advise the attorney of this date as soon as possible, Secondly, your new attorney may write me directly requesting my file.

If you have any questions or concerns, please call, if you are able or write.

Very Truly Yours,

EXHIBIT 1           EXAMPLE LETTER           EXHIBIT 1

# THE HENRY FIRM
Attorneys at Law

Todd Edward Henry
(877) 665-1900 (toll free)

Tiffany M. Thomas-Smith
Todd Eisenberg*
Brendan T. McGuigan*
*Of Counsel

**PHILADELPHIA OFFICE**
1500 Walnut Street, Suite 1203
Philadelphia, PA 19102
(215) 545-7100
(215) 545-6611 (fax)

**DELAWARE COUNTY OFFICE**
117-119 Olive Street
Media, PA 19063
(610) 565-9112

December 29, 2003

James Mays--MHU 21 D-U-3
c/o Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE: **State v. James Mays**

Dear Mr. Mays:

    I am in receipt of your letter dated December 22, 2003 and enclosures, and thank you for same.

    I have requested your trial counsel's file, am researching your legal issues and will keep you up to date as matters develop. If you have any information that you feel may be helpful, please provide it as soon as possible.

    In the meantime, should you have any questions, please do not hesitate to contact me. The best time to reach me is after 3:00 p.m. You may call collect, and if I'm in the office, the call will be accepted.

Very truly yours,

TODD EDWARD HENRY

TEH:dml

# THE HENRY FIRM
Attorneys at Law

Todd Edward Henry
(877) 665-1900 (toll free)

Tiffany M. Thomas-Smith
Todd Eisenberg*
Brendan T. McGuigan*
*Of Counsel

**PHILADELPHIA OFFICE**
1500 Walnut Street, Suite 1203
Philadelphia, PA 19102
(215) 545-7100
(215) 545-6611 (fax)

**DELAWARE COUNTY OFFICE**
117-119 Olive Street
Media, PA 19063
(610) 565-9112

December 29, 2003

David J. J. Facciolo, Esquire
Office of the Public Defender
Carvel State Office Building
820 French Street
Wilmington, DE 19801

**RE:** **State v. James A. Mays**
Supreme Court #391-2002
CR ID #0006015793

Dear Mr. Facciolo:

Please be advised that I have recently been retained to represent James A. Mays in the above-captioned matter. It is my understanding that your office previously represented Mr. Mays, and that the file is within the Defender's possession.

Would you please be kind enough to forward the contents of your file to my office as soon as possible.

Thank you for your courtesy and attention in this regard. Should you have any questions, please feel free to contact me.

Very truly yours,

TODD EDWARD HENRY

TEH:dml

cc: James A. Mays

# Certificate of Service

I, _James A. Mays_, hereby certify that I have served a true and correct cop(ies) of the attached: _Petitioner's Traverse To Answer_ _____ upon the following parties/person (s):

TO: Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801

TO: Department of Justice
State Office Building
820 N. French St.
Wilmington, Delaware
19801

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _21st_ day of _Dec_____, 2007

_James A. Mays_



I/M James A. Mays
SBI# 245762  UNIT D-E
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 DEC 26  PM 2:41

Office of the Clerk
United States District Court
844 N. King Street Lockbox 18
Wilmington, Delaware
19801

Legal mail