IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES A. MAYS,                                )
                                             )
            Petitioner,                      )
                                             )
v.                                           )        Civil Action No. 07-417-GMS
                                             )
PERRY PHELPS, Warden, and                    )
JOSEPH R. BIDEN, III,                        )
Attorney General of the State               )
of Delaware,                                 )
                                             )
            Respondents.[1]                  )

James A. Mays. *Pro se* petitioner.

Kevin M. Carroll.   Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.   Counsel for respondents.

**MEMORANDUM OPINION**

$\smallint t\ 24$ , 2008
Wilmington, Delaware

---

[1]Warden Perry Phelps assumed office in January, 2008, replacing former warden Thomas Carroll, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).



Sleet, Chief Judge

## I. INTRODUCTION

Petitioner James A. Mays ("Mays") is incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. Mays filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 2; D.I. 9.) For the reasons discussed, the court will deny the petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In March 2002, a Delaware Superior Court jury convicted Mays of attempted first degree murder, first degree robbery, two counts of possession of a firearm during the commission of a felony, and second degree conspiracy. On June 14, 2002, the Superior Court sentenced Mays to a total of thirty years of imprisonment at Level V, followed by decreasing levels of supervision. Mays appealed, and the Delaware Supreme Court affirmed his convictions and sentences. *Mays v. State*, 815 A.2d 349 (Table), 2003 WL 231615 (Del. Jan. 31, 2002).

In June 2005, Mays filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on August 28, 2006. *State v. Mays*, 2006 WL 2560184 (Del. Super. Ct. Aug. 28, 2006). Mays appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on April 24, 2007. *Mays v. State*, 925 A.2d 504 (Table), 2007 WL 1020974 (Del. Apr. 24, 2007).

Mays filed his federal habeas petition in June 2007, and an amended petition in October 2007.[2] (D.I. 2; D.I. 9.) The petition presents five allegations involving ineffective assistance of

---

[2]The court will refer to both as the "petition."

1

counsel and one claim that the State failed to put forth evidence as to specific intent or

premeditation. The State filed an answer, asking the court to deny the petition as untimely or as

procedurally barred. (D.I. 15.)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320,

336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas

petitions by state prisoners, which begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant petition is subject to the one-year limitations period contained in §

2244(d)(1). *See Lindh*, 521 U.S. at 336. Mays does not allege, and the court cannot discern, any

facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period

of limitations began to run when Mays' conviction became final under § 2244(d)(1)(A).

2

The Delaware Supreme Court affirmed Mays' convictions and sentences on January 31, 2003, and he did not seek certiorari review by the United States Supreme Court. As a result, Mays' conviction became final on May 1, 2003. *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitations period under § 2244(d)(1)(A) begins to run upon the expiration of the 90 day period for seeking review in the Supreme Court when the petitioner did not appeal his conviction.). Thus, Mays had until May 1, 2004 to timely file his petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Mays did not file the petition until June 21, 2007, almost three full years after the expiration of AEDPA's limitation period.[3] Accordingly, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204

---

[3]A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Presumably, Mays could not have presented the petition to prison officials for mailing any earlier than June 21, 2007, the date on the petition. Therefore, the court adopts June 21, 2007 as the filing date. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at \*2 (D. Del. Sept. 23,

2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it

was filed and pending before the expiration of the AEDPA's limitations period). "An application

is properly filed when its delivery and acceptance are in compliance with the applicable laws and

rules governing filings," such as the rules governing the location and time of filing, the forms

used, and the requisite filing fee. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Lovasz v. Vaughn*, 134

F. 3d 146, 148 (3d Cir. 1998).

In this case, even though Mays properly filed his Rule 61 motion under Delaware law,

the motion does not toll the limitations period because it was filed on June 13, 2005, more than

one year after the expiration of AEDPA's one-year filing period. Thus, Mays' petition is time-

barred unless equitable tolling of the limitations period is warranted.

### C. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in very rare situations.

*See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). In order to trigger equitable tolling, the

petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing

[the] claims" and that he was prevented from asserting his rights in some extraordinary way;

mere excusable neglect is insufficient. *Miller v. New Jersey State Dept. of Corrs.*, 145 F.3d 616,

618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with

these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's

limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
or

4

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.
*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Mays asserts that his failure to file the petition with the court in a timely manner should be excused because his appellate counsel failed to advise him about AEDPA's limitations period, and also because his privately retained post-conviction counsel failed to "preserve" his federal rights. (D.I. 23.) Mays contends that these "failures" on the part of both attorneys constitute misrepresentations sufficient to trigger equitable tolling under *Seitzinger v. Reading Hospital and Medical Center*, 165 F.3d 236 (3d Cir. 1999).

The court rejects Mays' arguments. Pursuant to *Seitzinger*, equitable tolling may be warranted if the petitioner's attorney affirmatively misrepresented that he would file a complaint, provided that the petitioner demonstrates extreme diligence in pursuing his claim and the defendant will not be prejudiced. *Schlueter v. Varner*, 384 F.3d 69, 76-7 (3d Cir. 2004)(citing *Seitzinger*, 165 F.3d at 242). In this case, however, neither of Mays' attorneys affirmatively misrepresented that they would file a claim and then fail to do so, nor did they intentionally misinform Mays about AEDPA's limitations period. Moreover, considering that there is no constitutional right to representation by counsel during a post-conviction proceeding, neither of the attorney's alleged failure to advise Mays about the one-year filing period constitutes an extraordinary circumstance for equitable tolling purposes. *See Pennsylvania v. Finley*, 481 U.S. 551, 556 (1990); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002)("an attorney's mistake in determining the date a habeas petition is due" does not constitute an extraordinary

5

circumstance for purposes of equitable tolling).

Finally, to the extent Mays' failure to comply with AEDPA's limitations period was due to his own  mistake in computing the time-period, that mistake do not warrant equitable tolling. *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at \*3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Therefore, the court concludes that the doctrine of equitable tolling is not available to Mays on the facts he has presented, and the court will dismiss the petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Mays' § 2254 petition is time-barred. The court is

6

persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Mays' application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 will be denied. (D.I. 2; D.I. 9.)

An appropriate order will be entered.

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. MAYS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Civil Action No. 07-417-GMS |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

At Wilmington, this 24th day of _____, for the reasons set

forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner James A. Mays' application for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 2; D.I. 9.)

2. The court declines to issue a certificate of appealability because Mays has failed to

satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

CHIEF UNITED STATES DISTRICT JUDGE



**F I L E D**

SEP 2 5 2008

**U.S. DISTRICT COURT**
**DISTRICT OF DELAWARE**